MENSER *v.* MARSHALL FARMERS' HOME FIRE INSURANCE COMPANY.

[No. 9,700. Filed February 12, 1919. Rehearing denied May 15, 1919.]

INSURANCE.—*Fire Insurance.*—*Waiver of Conditions.*—*Burden of Proof.*—In an action on a fire policy providing that the insurer would not be liable for fire damage to any dwelling house while unoccupied, unless the policy was continued in force during such vacancy by the written consent of a director of the company, the burden of showing insurer's alleged waiver of the vacancy provision by a retention of unearned premium was on the insurer, and the absence of a finding as to the existence of any unearned premium must be construed to mean that all sums paid to the insurer were fully earned.

From Marshall Circuit Court; *Smith N. Stevens,* Judge.

Action by Moses Menser against the Marshall Farmers' Home Fire Insurance Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles Killison,* for appellant.
*Lauer & Kitch,* for appellee.

REMY, J.—This action is based on a policy of fire insurance issued to appellant by appellee company. The trial court made a special finding of the facts in issue, and stated its conclusions of law in favor of appellee. Exceptions to these conclusions present the only question on appeal.

The special findings are long, and there is no occasion here to consider them in detail. It appears from such findings, however, that at the time the policy in question was issued, that instrument, and the constitution of appellee company, which is a mutual organization, contained a provision to the effect that appellee "shall not be liable for any loss or damage by fire occurring to any dwelling house, while the same is unoccupied, although goods or furniture be stored or left therein. But the insured may apply to the director of his township who is authorized to continue the policy in force by written consent if he considers it advisable; not, however, to exceed sixty days, otherwise such vacancy voids the insurance on such dwelling during vacancy."

The loss in this case was occasioned by the destruction of a dwelling; and it is found specially that, at the time, the house was unoccupied within the meaning of the above provision, and that no vacancy permit was either applied for or issued. Appellant contends, however, that these circumstances served only to ren-

der the policy voidable at the option of appellee, and that, to render the provision effective, the burden rested on appellee, as soon as it had discovered the facts, to notify appellant of its intention to avoid the policy, and to tender back the unearned premium. The special findings show that on April 29, 1914, within five days after the loss, and continuously thereafter, appellee denied liability on the ground that the dwelling in question was unoccupied at the time of the fire. There is no finding as to the existence of any unearned premium at the time; but the court did find that subsequently to the loss, and shortly before the bringing of this action, appellant paid to the Plymouth State Bank the sum of $4.52, as the amount of his assessment with appellee company in the year 1914; that the bank was authorized to accept payment of assessments due appellee, but, finding no assessment charged against appellant, the bank accepted said sum for the use of appellee as its interest should thereafter appear; that immediately on learning of this payment, appellee company tendered back to appellant all of said sum of $4.52, except an amount which was understood to be for the insurance of certain personal property owned by appellant, and not involved in his present claim; that this tender was refused, for reasons not going to the sufficiency thereof, and has been kept good by a payment into court for the benefit of appellant. The special findings further show that when appellant applied for insurance with appellee company, on June 21, 1912, he paid the sum of $2.26 in part consideration therefor, but there is no finding that any part of this sum was unearned at the time of the loss in controversy. The burden of showing a waiver of the vacancy provision in the

214 APPELLATE COURT OF INDIANA,

Indiana Travelers', etc., Assn. *v.* Doherty—70 Ind. App. 214.

policy, through a retention by appellee of unearned premium, rested on appellant, and the absence of a finding to that effect must be construed to mean that all sums which had been paid to appellee were fully earned. Taken as a whole, the special findings sustain the conclusions of the trial court.

Judgment affirmed.